UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
ALVIN B. RICHARDSON,          )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 11-1786 (RWR)
                              )
AMERICAN SECURITY MORTGAGE    )
CORP., et al.,                )
                              )
        Defendants.           )
_____)
```

MEMORANDUM OPINION

Pro se plaintiff Alvin Richardson brings this suit challenging the legality of the foreclosure by defendant Wells Fargo Bank, N.A. on real property in North Carolina.  Richardson names as additional defendants American Security Mortgage Corporation, the Law Offices of John T. Benjamin, P.A., Chicago Title Insurance Company, Joanne Romano, Trustee Services of Carolina, LLC, and David Simpson, each of whom allegedly was involved in some respect in the foreclosure of his property. Each of the defendants, with the exception of Simpson,[1] has moved to dismiss the complaint on various grounds, including lack of subject matter jurisdiction and failure to state a claim. Because Richardson's suit seeks review of an adverse state court

---

[1] Simpson has not responded to the complaint.  The resolution of the other defendants' motions to dismiss disposes of the case against Simpson.

judgment, the suit will be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[2]

BACKGROUND

The complaint, materials to which it refers, and the public record set forth the following background and allegations. Richardson owned property at 3927 Caldwell Ridge Parkway, Charlotte, North Carolina. (Compl. ¶ 6.) Richardson purchased the property in 2007 with the assistance of a home mortgage loan secured by a deed of trust establishing a lien on the property in favor of American Security Mortgage Corp. (Compl., Ex. P.) Wells Fargo Bank, N.A. later instituted foreclosure proceedings on the property. (Wells Fargo Bank, N.A. and Law Offices of John T. Benjamin, P.A.'s Mot. to Dismiss ("Wells Fargo Mot."), Ex. A, Notice of Foreclosure Sale.)[3] Richardson filed a motion for a temporary restraining order in the Superior Court of Mecklenburg County, North Carolina, in order to prevent the foreclosure proceedings, which the Superior Court denied. (Id., Ex. B, Order Denying Plaintiff's Motion for Temporary Restraining Order.) Subsequently, Mecklenburg County Assistant

---

[2] In light of the finding that there is no subject matter jurisdiction, this opinion does not address defendants' arguments for dismissal for failure to state a claim.

[3] American Security Mortgage Corp. stated that the deed of trust of which it was the original holder was subsequently assigned to Wells Fargo Bank, N.A. (American Security Mortgage Corp.'s Stmt. P. & A. in Support of Mot. to Dismiss at 1.)

Clerk of Superior Court Joanne Romano held a hearing and issued an order allowing the foreclosure sale of the property. (Id., Ex. C, Order to Allow Foreclosure Sale; Compl. ¶ J.)[4] After the property was sold at auction, Richardson filed a complaint in Superior Court challenging the foreclosure. (Wells Fargo Mot., Ex. E, Superior Court Complaint.) Richardson then filed the instant action and voluntarily dismissed the Superior Court suit. (Id., Ex. F, Notice of Motion for Voluntary Dismissal.)

Richardson alleges that the defendants played various roles in the foreclosure. According to the complaint, American Security Mortgage Corp. improperly recorded the promissory note. (Compl. ¶¶ A-C.) Richardson further alleged that the Law Offices of John T. Benjamin, acting as counsel for Wells Fargo Bank, "interfer[ed] with private communications between [Richardson] and Defendant/Trustee/Servicer." (Compl. ¶ K.) He also challenges the decision of Joanne Romano, the assistant clerk, to issue the order allowing the foreclosure sale. (Id. ¶ J.) He alleges that Chicago Title Insurance Company, along with closing attorney David Simpson, "did knowingly and willfully act and conspire to oppress, and injure [him] by withholding vital information that would establish legal title to property at 3927 Caldwell Ridge Pkwy . . . and that property

---

[4] Under North Carolina law, foreclosure proceedings are special proceedings over which the Clerk of Superior Court has jurisdiction. N.C. Gen. Stat. Ann. § 45-21.16 (West 2011).

was paid in full at closing." (Compl. ¶ M.) Finally, Richardson alleges that Trustee Services of Carolina, LLC "presented gross misrepresentations of documents into the public record purporting appointments of trustees as legal and factual [sic]." (Id. ¶ L.)

Richardson challenges the legality of the foreclosure on various grounds. He asserts that he was the victim of predatory lending practices engaged in by defendant American Security Mortgage Corp. (Compl. ¶ 7.) He further maintains that he has suffered twenty one types of "personal injury" as a result of the lien that was placed on his property. (Id. ¶ 8.) Richardson alleges that this court has jurisdiction because the suit seeks redress for constitutional violations and because defendants have breached various fiduciary duties. (Id. at 4.) Richardson seeks various forms of relief affirming his ownership of the property at issue, including an order quieting title to the foreclosed property and an order declaring the foreclosure proceeding and the transfer of property null and void. (Id., Prayer for Special Relief ¶¶ 5, 7.)

## DISCUSSION

Jurisdiction is a threshold issue that must be resolved before the merits of the case may be considered. On a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff's factual

allegations are subject to closer scrutiny than they would be on a motion to dismiss for failure to state a claim. Flynn v. Veazey Constr. Corp., 310 F. Supp. 2d 186, 190 (D.D.C. 2004); see also 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1350 (3d ed. 2011). In addition, "[i]n 12(b)(1) proceedings, it has been long accepted that the [court] may make appropriate inquiry beyond the pleadings to satisfy itself [that it has] authority to entertain the case." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) (internal quotations omitted). "It is the burden of the party claiming subject matter jurisdiction to demonstrate that it exists." Georgiades v. Martin-Trigona, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984).

The Supreme Court has held that the jurisdiction of the lower federal courts does not extend to cases mounting constitutional or other challenges to state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (holding federal district courts lacked jurisdiction to hear constitutional challenges to a state court judgment); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) (reaffirming Rooker). In reaching this conclusion, the Supreme Court was guided by the fact that Congress authorized jurisdiction only for the Supreme Court, and not lower federal courts, to exercise appellate jurisdiction over state court judgments. See Feldman, 460 U.S.

at 476 (citing 28 U.S.C. § 1257(a)).  The D.C. Circuit recognizes that the Rooker-Feldman doctrine, derived from the two seminal Supreme Court decisions articulating this principle, "prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." Gray v. Poole, 275 F.3d 1113, 1119 (D.C. Cir. 2002).

The Rooker-Feldman doctrine further "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486); see also Stanton v. D.C. Court of Appeals, 127 F.3d 72, 75 (D.C. Cir. 1997) ("[E]ven a constitutional claim pled as a general attack may be so inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision.") (internal quotations omitted).  An issue is "inextricably intertwined" with a state court judgment if "success on the federal claim depends upon a determination that 'the state court wrongly decided the issues before it.'" Phyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)).  The Supreme Court has held that the Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired

its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The doctrine therefore does not prevent federal district courts from exercising jurisdiction over claims that are truly independent of a state court judgment.  Stanton, 127 F.3d at 75-76.[5]

Richardson's suit effectively seeks to collaterally attack the state court judgments permitting the foreclosure and sale of the North Carolina property.  That Richardson presents such a challenge to the previous judgments is apparent from the complaint, which, although unclear in many respects, explicitly seeks an order declaring the foreclosure proceedings null and void and affirming Richardson's title to the property.  (Compl., Prayer for Special Relief ¶¶ 5, 7.)  The substance of Richardson's suit -- the legality of the foreclosure action -- was already raised and decided in the Superior Court in North Carolina.  Moreover, Richardson's claims regarding the defendants' actions in furtherance of the foreclosure are inextricably linked with the state court judgment allowing the foreclosure to proceed.  Richardson's claims therefore are not

---

[5] The Rooker-Feldman doctrine was asserted as a basis for dismissal in the defendants' various motions.  Richardson did not address the doctrine in any of his three oppositions.

truly independent of the previous judgment but "invit[e] district court review and rejection," Exxon Mobil Corp., 544 U.S. at 284, of state court decisions that harmed him.

The D.C. Circuit recently affirmed a dismissal under the Rooker-Feldman doctrine of a suit substantially similar to Richardson's. Hunter v. U.S. Bank Nat'l Ass'n, 407 F. App'x 489 (D.C. Cir. 2011) (per curiam), aff'g 698 F. Supp. 2d 94 (D.D.C. 2010). In that case, plaintiff Hunter challenged the legality of a foreclosure sale of property that was instituted in state court. Hunter v. U.S. Bank Nat'l Ass'n, 698 F. Supp. 94, 96 (D.D.C. 2010). Just as Richardson did here, Hunter filed a suit challenging the foreclosure in state court and then subsequently withdrew the suit and filed instead in federal district court. Id. at 97. The district court found that, although the claim was "not styled as an appeal from the foreclosure action," the claim was "based entirely on the alleged impropriety of the foreclosure." Id. at 100. Because "[a]ll of the injuries alleged . . . stem[med] from the foreclosure of the Property" and Hunter "explicitly [sought] a judgment . . . that would have the effect of modifying the state court's judgment of foreclosure," the court found there were no independent claims over which it could exercise jurisdiction. Id.; see also Tremel v. Bierman & Geesing, LLC, 251 F. Supp. 2d 40 (D.D.C. 2003) (finding that Rooker-Feldman doctrine precluded subject matter

jurisdiction over claims of injury from foreclosure proceedings in state court).  For the same reasons, the Rooker-Feldman doctrine requires dismissing this suit.

## CONCLUSION

Richardson's suit effectively seeks appellate review of a state court judgment permitting foreclosure on property in North Carolina.  The Rooker-Feldman doctrine bars federal district courts from reviewing such state court decisions or issues that were inextricably intertwined with those decisions.  The complaint therefore will be dismissed for lack of subject matter jurisdiction.  A final order accompanies this memorandum opinion.

SIGNED this 11th day of June, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge